# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOWER SAUCON TOWNSHIP, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO.: |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF EDUCATION; | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF EDUCATION, OFFICE OF | : | |
| COMMONWEALTH LIBRARIES; | : | |
| ERIC HAGARTY, ACTING | : | |
| SECRETARY OF THE | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF EDUCATION, IN HIS | : | |
| OFFICIAL CAPACITY; SUSAN | : | |
| BANKS, STATE LIBRARIAN | : | |
| AND ACTING DEPUTY | : | |
| SECRETARY OF THE OFFICE OF | : | |
| COMMONWEALTH LIBRARIES, | : | |
| IN HER OFFICIAL CAPACITY; | : | |
| HELLERTOWN AREA LIBRARY | : | |
| ASSOCIATION, | : | |
| | : | |
| Respondents. | : | |

---

## NOTICE TO DEFEND

---

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MidPenn Legal Services
213-A N. Front Street, Harrisburg, PA  17101
(717) 232-0581

Dauphin County Lawyer Referral Service
Dauphin County Bar Association
213 N. Front Street, Harrisburg, PA 17101
(717) 232-7536

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LOWER SAUCON TOWNSHIP,          :
                                :
                Petitioner,     :
                                :   NO.:
        v.                      :
                                :
PENNSYLVANIA DEPARTMENT         :
OF EDUCATION;                   :
PENNSYLVANIA DEPARTMENT         :
OF EDUCATION, OFFICE OF         :
COMMONWEALTH LIBRARIES;         :
ERIC HAGARTY, ACTING            :
SECRETARY OF THE                :
PENNSYLVANIA DEPARTMENT         :
OF EDUCATION, in his official   :
capacity; SUSAN BANKS, STATE    :
LIBRARIAN AND ACTING            :
DEPUTY SECRETARY OF THE         :
OFFICE OF COMMONWEALTH          :
LIBRARIES, in her official capacity;  :
HELLERTOWN AREA LIBRARY         :
ASSOCIATION,                    :
                                :
                Respondents.    :

---

## PETITION FOR REVIEW IN THE NATURE OF
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Petitioner, Lower Saucon Township ("Township" or "Petitioner"), by and

through its counsel Eckert Seamans Cherin & Mellott, LLC, brings this action for

declaratory and injunctive relief, and in support of its claims, states:

108679475.1

## THE PARTIES

1.      Petitioner, Lower Saucon Township is a Township of the Second Class located in Northampton County, Pennsylvania.

2.      Respondent, Commonwealth of Pennsylvania, Department of Education ("PDE"), is an executive agency of the Commonwealth of Pennsylvania that is statutorily directed, among other things, to govern education within the Commonwealth and is headquartered at 333 Market Street, Harrisburg, Dauphin County, Pennsylvania.

3.      Respondent, Commonwealth of Pennsylvania, Office of Commonwealth Libraries ("OCL") is an administrative agency of the Commonwealth of Pennsylvania that is statutorily directed, among other things to govern and manage all public libraries within the Commonwealth and is headquartered at 333 Market Street, 11th Floor, Harrisburg, PA 17101-2210.

4.      Respondent Eric Hagarty is the Acting Secretary of Education for Pennsylvania with an office address of 333 Market Street, Harrisburg, PA 17101-2210.

5.      Respondent Susan Banks is an appointed administrative official serving as the Deputy Secretary of Education, Commissioner for Libraries, and State Librarian with an office address of 333 Market Street, 11th Floor, Harrisburg, PA

108679475.1

17101-2210.    (PDE, OCL, Secretary Hagarty, and State Librarian Banks are collectively referred to herein as the "Commonwealth").

6.      Respondent Hellertown Area Library Association ("HAL") is a public organization tasked with the management and operation of the Hellertown Area Library, located at 409 Constitution Avenue, Hellertown, PA 18055.

## JURISDICTION

7.      The Court has jurisdiction over this action pursuant to 42 Pa. C.S. § 761(a)(1), because this is a civil action against the Commonwealth government and officers of the Commonwealth acting in their official capacities.

8.      This is an action for declaratory judgment pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S. §§ 7531, et seq.

## FACTS

**A.      History of Lower Saucon Township and Hellertown Area Library**

9.      As of January 1, 2016, the Township, HAL, and the Borough of Hellertown ("Borough") were subject to a Library Services Agreement (the "2016 Agreement").    The 2016 Library Services Agreement between the Township, the Borough, and HAL is attached hereto as *Exhibit A*.

3

108679475.1

10.     The 2016 Agreement memorialized the agreed upon financial support to be provided to HAL by the Township and the Borough, and the organizational budgetary, and operational structure of HAL.

11.     The 2016 Agreement was primarily designed to benefit both the Township and the Borough by providing access to HAL and library programming for all of their residents.

12.     The 2016 Agreement initially had a five-year-term (through 2021), but the Agreement was extended for an additional year by the Parties.

13.     During the years the Parties operated under the 2016 Agreement, the Township played an integral role in funding HAL.

14.     In that regard, in 2014 and 2015, the Township made capital contributions to HAL in the amount of $163,947.02.

15.     Following those initial capital contributions, the Township has accounted for in excess of fifty-five percent (55%) of the HAL total funding during the term of the 2016 Agreement.  Indeed, the Township contributed a minimum of $90,161.64 per year, in addition to mutually agreed upon percentage increases, paid in monthly installments of $7,713.47.

16.     The yearly contribution was based on the agreed upon rate of $8.37 per resident of the Township.

4

108679475.1

17.     In total, the Township has invested $930,000.00 into the operation of HAL.

**B.     HELLERTOWN AREA LIBRARY PREVENTS A NEW LIBRARY SERVICES AGREEMENT**

18.     Nearing the end of the Agreement, the discussions between the Parties took place regarding the parameters of a new library services agreement but no meeting of the minds occurred as an agreement concerning the form and amount of HAL's funding demands could not be reached.

19.     HAL unilaterally demanded an increase in the Township's yearly contributions to approximately $107,000.

20.     The Township objected to the form and amount of the HAL demanded increase, thus resulting in an impasse in the discussions.

21.     The amount demanded by HAL was based on a per capita rate of $9.66, a significant increase to the Township's yearly contributions to HAL.

22.     In principle, this significant unilateral increase amounts to a "library tax" demanded from Lower Saucon Township from the general fund revenue paid by the Township's taxpayers.

23.     HAL is not statutorily authorized to levy a tax on a municipal entity.

24.     In comparison, HAL and the Borough have entered into a new services agreement in 2022 ("2022 Agreement"), wherein the Borough is responsible for

5

payment of a yearly fee of $59,174.00 (with a one-time supplemental contribution in 2022 in the amount of $75,000.00).  The 2022 Agreement between HAL and the Borough is attached hereto as *Exhibit B*.

25.     Moreover, upon information and belief, this new 2022 Agreement between HAL and the Borough completely removes the Township's ability to appoint members of HAL's Board of Directors and gives the Borough control of HAL's Board.

26.     Additionally, HAL has offered a program to Freemansburg residents where an entire family can access the library for a total of $20.00, but the same service or rate has not been authorized for Lower Saucon Township residents without any explanation.

27.     Between the unreasonable increase in the amount of contribution that HAL demanded from the Township and the terms of the 2022 Agreement, HAL is essentially demanding that the Township's residents fund the majority of HAL with no representation in the Library's leadership.

28.     The phrase, taxation without representation is most descriptive of HAL's demands.

29.     Additionally, in 2022, the Township offered HAL a donation in the amount of $50,000.00 to ensure the adequate funding of the library.  HAL, however, flatly rejected the donation.

108679475.1

30.    Moreover, after being faced with the prospect of being frozen out of library services by HAL, the Township, in an attempt to preserve library services for Township residents, has been rejected by other neighboring public libraries from pursuing library services with those entities.

### C.    HELLERTOWN AREA LIBRARY SEEKS TO EXCLUDE LOWER SAUCON TOWNSHIP FROM ITS SERVICE AREA

31.    Upon information and belief, in 2022, HAL had conversations with representatives from PDE and OCL about removing the Township from its direct service area.  The Township requested that PDE and OCL permit the Township to participate in those discussions, but was not afforded the opportunity to do so.

32.    On September 15, 2022, the President of the HAL Board of Directors, Ken Solt, on behalf of the HAL, requested special approval from the State Librarian, Susan Banks, to exclude the Township from the direct service area of HAL pursuant to 22 Pa. Code §141.21(6)(i).

33.    Pursuant to 22 Pa. Code §141.21(6), "[a]ny municipality which is added to a direct service area of a library shall be considered part of that area for a period of not less than 10 years" unless one of three enumerated exceptions apply. Those exceptions include "special approval is granted by the State Librarian for excluding such municipality or municipalities from such direct service area."  22 Pa. Code §141.21(6)(i).

7

34.     Upon information and belief, HAL provided the State Librarian with incomplete and inaccurate information in making its request for special approval to exclude the Township.

35.     The Township was not provided with notice of HAL's request for special approval nor was the Township provided an opportunity to be heard on the issue. Moreover, The Township was never even provided with the exception that HAL allegedly met under 22 Pa. Code §141.21(6)(i). This means that the Township was not afforded an opportunity to provide facts and information to show why the Township should not be removed from HAL's direct service area, prior to the expiration of the ten-year period, before the State Librarian made her decision to grant the exception.

36.     Without any input or evidence from the Township, State Librarian Banks only had the incomplete and inaccurate version of facts provided by HAL to consider in making her decision to grant special approval.

37.     Regardless, on October 5, 2022, State Librarian Banks issued a decision granting special approval pursuant to Section 141.21(6) to exclude Lower Saucon Township from the HAL's service area prior to the expiration of ten years. *Exhibit C*.

38.     On October 20, 2022, the Township, through its counsel, sent a letter to Elizabeth A. Maguschak, Esq, Chief Counsel of PDE, seeking reconsideration of

8

the decision to grant special approval and any appellate options to reverse the decision.  *Exhibit D.*

39.    On November 1, 2022, Chief Counsel Maguschak sent a letter to the Township acknowledging the decision to grant special approval but failing to indicate whether the State Librarian would reconsider that decision and failing to provide any appellate process to challenge the decision.  Instead, in the November 1, 2022 letter, the State Librarian asserted that the granting of special approval to exclude the Township was not a final determination and that HAL still had additional steps to take before the Township could be removed from HAL's direct service area. Specifically, Chief Counsel Maguschak wrote that, to complete the removal from the HAL's service area, HAL would need to submit a 2023 Plan for State Aid, requesting the reduction of service area of Lower Saucon Township.  *Exhibit E.*

40.    On November 11, 2022, the Township again sent a letter to Chief Counsel Maguschak, objecting to the process used by the State Librarian and the Commonwealth Respondents and advised that the State Librarian's decision was based on incomplete and inaccurate facts and that the Township's due process rights had been violated.  The Township specifically requested to have an active role in any process that would adversely affect its residents' ability to use public libraries in the Commonwealth.  *Exhibit F.*

41.     On November 30, 2022, Chief Counsel Maguschak again responded to the Township, indicating that HAL had submitted its 2023 Plan for State Aid requesting a reduction in its direct service area to exclude the Township but that the State Librarian has not yet approved that Plan. *Exhibit G.*  Chief Counsel Maguschak noted that the Township had no recourse through OCL and declined to defer any decision related to the direct service area of the HAL.

**D.     EXCLUSION FROM DIRECT SERVICE AREA**

42.     Despite the Township's repeated efforts to remain part of the direct service area of the HAL, and its requests to the Commonwealth Respondents to be part of any discussions regarding its rights, HAL sent a letter to its patrons dated December 20, 2022, advising that HAL will no longer be providing library services to Township residents. *Exhibit H.*

43.     On December 22, 2022, once the Township came into possession of HAL's December 20 letter, the Township immediately sought more information from PDE Chief Counsel Maguschak. *Exhibit I.*  The Township, *inter alia*, inquired as to:

> a. whether the Commonwealth Respondents approved the Township's removal from HAL's direct service area;
> b. whether the Township is entitled to remain in HAL's direct service are by virtue of the amount of funding offered to HAL, which is above 15% of HAL's yearly income from all municipal sources and in excess of the surplus financial effort as indicated in the Library Code;

10

c.   whether the State Librarian will fulfill her statutory duty to arbitrate the dispute over the direct service area of the HAL.

44.    Given the Commonwealth Respondents' decision to approve the exclusion of the Township from HAL's direct service area, the Township has been unfairly and improperly placed in a position wherein either its residents have no access to library services in the Commonwealth of Pennsylvania or it is forced to capitulate to any financial demands, reasonable or not, put forth by HAL as a pre-condition to be allowed to remain in HAL's direct service area.

45.    Historically, library services are a benefit that all residents of the Commonwealth, including children and seniors, have had access to at little or no cost to the resident.  And, no resident of the Township should be prevented from using the services and programs of HAL, or any other library, especially considering the level of funding that the Township has provided in the past and has budgeted to provide in the future.

46.    Respondents have worked in unison to disregard the Library Code and trample on the Township's statutory and constitutional rights.  They have unlawfully placed the Township in a position where it is either strong armed, leveraged, and forced into paying any fees, demanded by HAL, in order to have access to a public library and library resources throughout the Commonwealth, or is forced to forego

108679475.1

library services for its residents even after it has paid, and has offered to continue to pay, substantial amounts to secure access to those resources.

47.     The actions of HAL and the Commonwealth Defendants have caused the Township direct, immediate, and irreparable harm, and the Township now brings this action for a declaration requiring the Commonwealth Defendants to provide the Township with its constitutional due process rights and to fulfill their duties and powers under the Library Code; to require HAL to provide library services to Township residents as required by the Library Code; or, in the alternative, to declare that portions of the Library Code is unconstitutionally vague and therefore void and unenforceable.

## COUNT I – LOWER SAUCON TOWNSHIP V. ALL RESPONDENTS DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

48.     Petitioner incorporates by reference the preceding paragraphs as though more fully set forth.

49.     The purpose of a Declaratory Judgement Act ("DJA") is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; accordingly, the Act should be liberally construed and administered.  42 Pa.C.S. §§7533, 7541(a).

50.     The DJA was enacted "to curb the courts' tendency to limit the availability of judicial relief to only cases where an actual wrong has been done or

108679475.1

is imminent." *Bayada Nurses, Inc. v. Department of Labor and Industry*, 607 Pa.

527, 8 A.3d 866, 874 (2010).

51.    Herein, an actual controversy exists between the parties as to the

substantive and procedural due process rights of Lower Saucon Township under the

United States Constitution and the Constitution of the Commonwealth of

Pennsylvania.

52.    The President of the HAL Board of Directors, Ken Solt, on behalf of

the HAL, requested special approval from State Librarian Banks on September 15,

2022, to exclude the Township from the direct service area of HAL pursuant to 22

Pa. Code §141.21(6)(i).

53.    Once HAL's request was submitted to the State Librarian, the

Commonwealth Respondents failed to provide notice of HAL's request to the

Township.

54.    Moreover, the Commonwealth failed to provide the Township with an

opportunity to be heard of any kind, including not requesting the Township provide

input or evidence regarding the Township's position on HAL's request to remove

the Township from its service area.

55.    Further, the Commonwealth, HAL, and a neighboring library have

engaged in a pattern of communications, without the Township's knowledge or

participation, designed to either deny Township residents access to any library or

108679475.1

force the Township's governing body to capitulate to any and all demands put forth by HAL.  *Exhibit J.*

56.     The "company line" reference in *Exhibit J* clearly indicates that the Respondents were cooperating to place the Township in an untenable position, to the detriment of Township residents, and calls into question the ability of the State Librarian to render an independent and impartial decision regarding the "special approval" request submitted by HAL.

57.     Without any input from or notice to the Township, on October 5, 2022, the State Librarian issued a decision to grant special approval pursuant to Section 141.21(6) to exclude the Township from the HAL's service area prior to the expiration of the ten-year period.  The State Librarian has provided no description of the substantive criteria utilized in the process of considering the request for the exception, nor any reason for the granting of the exception.

58.     Following the State Librarian's October 5, 2022, decision, the Township appealed twice to the Commonwealth Respondents – via letters to Chief Counsel to the Pennsylvania Department of Education, Elizabeth A. Maguschak, dated October 20, 2022, and November 11, 2022 – seeking reconsideration of the decision to grant special approval and a chance to offer evidence as to why the Township should remain in HAL's service area until, at least, the expiration of the ten year period.

108679475.1

59.     To date, the Township's requests for due process, to present evidence, seek reconsideration, or appeal rights, of the decision to grant special approval have been denied.

60.     Since that time, the Township has been advised that HAL will no longer serve Township residents beginning January 1, 2023.

61.     The Township has been irreparably harmed because there has been no point where the Township has been provided either substantive or procedural due process from Respondents in its removal from HAL's direct service area.

62.     Accordingly, Respondents have violated the Township's federal and state due process rights and are depriving Township residents of library services, including access to the Access PA program which requires access to a library's direct service area. *Exhibit K.*

63.     There is no public interest served by refusing the Township its constitutional right to due process before removing the Township from HAL's direct service are and depriving the Township's residents from library services.

WHEREFORE, Petitioner respectfully requests that this Court issue an Order, as follows:

      a) Declaratory Judgment that Respondents have violated the due process rights of Lower Saucon Township.

108679475.1

b) An injunction enjoining the Commonwealth Respondents and HAL from removing Lower Saucon Township from HAL's direct service until PDE provides Lower Saucon Township with due process in the form of notice and opportunity to be heard regarding removal in less than ten years pursuant to 22 Pa. Code § 141.21.

c) Granting any other relief deemed just and reasonable.

### COUNT II – LOWER SAUCON TOWNSHIP V. ALL RESPONDENTS DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

64.     Petitioner incorporates by reference the preceding paragraphs as though more fully set forth.

65.     Pursuant to 24 Pa.C.S. 9311(b)(15), the State Librarian shall have the power and duty to, "[W]henever necessary, for the purpose of administering the library laws of this Commonwealth, act as arbiter in defining the direct service area of any library."

66.     In this matter, a dispute arose, between the parties, at the latest, on September 15, 2022, when HAL sought to exclude Lower Saucon Township from the direct service area of HAL pursuant to 22 Pa. Code §141.21(6)(i).

67.     Neither HAL nor the Commonwealth Respondents provided notice of this request to Lower Saucon Township until a decision was already made on

108679475.1

October 5, 2022, to exclude Lower Saucon Township from the HAL's service area prior to the expiration of ten years.

68.     However, as made clear by the two responsive emails of Chief Counsel Maguschak, PDE and OCL had not made any final determination as to whether Lower Saucon Township would remain within HAL's direct service area and the decision process remained ongoing.

69.     HAL and the Commonwealth Respondents were on notice of Lower Saucon Township's adverse position to being removed from HAL's direct service area.

70.     The Township specifically requested that the State Librarian fulfill her important power and duty to arbitrate this dispute over the direct service area of HAL, and the Township's request was denied.

71.     The State Librarian Banks failed to fulfill her duty to arbitrate the dispute as to whether Lower Saucon Township should remain within HAL's direct service area.

72.     In that regard, the Township was not provided any opportunity to be heard or offer any evidence or contrary viewpoint to that of HAL, resulting in a failure to abide by 24 Pa.C.S. § 9311(b)(15).  Moreover, to date, Lower Saucon Township never been provided any information as to what exception HAL met to

108679475.1

have Lower Saucon Township removed from its direct service area pursuant to 22 Pa. Code § 141.21(6)(i) prior to ten years.

73.    Instead, a decision was made on December 27, 2022, that the Township would be formally excluded from HAL's service area at the conclusion of 2022, resulting in the total loss of library services for residents of the Township.

74.    The Township has been directly and immediately harmed by the Commonwealth Respondents' failure to fulfill their statutory duties because it has been given no opportunity to be heard before being removed from HAL's direct service area and its residents deprived of library services.

75.    The Township and its residents have a strong public interest in continuing to receive library services, and there is no public interest served by removing the Township from HAL's direct service area without the Commonwealth Respondents fulfilling their statutory duties or otherwise providing the Township with an opportunity to be heard.

WHEREFORE, Petitioner respectfully requests that this Court issue and Order, as follows:

a) Declaratory Judgment that the State Librarian failed to act as the arbiter in defining the direct service area of HAL pursuant to 24 Pa.C.S. § 9311(b)(15).

b) An injunction directing the State Librarian to act as the arbiter of this dispute and enjoining the Commonwealth Respondents from removing the Township from HAL's direct service until PDE provides Lower Saucon Township with due process in the form of notice and opportunity to be heard regarding removal in less than ten years pursuant to 22 Pa. Code § 141.21.

c) Granting any other relief deemed just and reasonable.

### COUNT III – LOWER SAUCON TOWNSHIP V. HAL
### DECLARATORY JUDGMENT AGAINST HAL

76.     Petitioner incorporates by reference the preceding paragraphs as though more fully set forth.

77.     Throughout the relationship between the Township and HAL, the Township has accounted for in excess of fifty-five percent (55%) of HAL's total funding.

78.     The funding during that period was agreed to be provided, at that time, in the approximate amount of $8.37 per Township resident.

79.     Any financial effort which is in excess of five dollars ($5.00) per resident is considered "surplus financial effort" pursuant to the definitions of 24 Pa.C.S. § 9302.

108679475.1

80.    Moreover, the Township's contribution of more than fifteen percent (15%) of the yearly income of HAL from all local municipal sources entitles the Township to access to HAL's library services, and to appoint board members to the board of HAL.  *See* 22 PA Code 121.21(2)(B)(b).

81.    The OCL website states that, in order to be eligible for participation in the Statewide Library Card System, a Commonwealth resident must live in a municipality in which a state-aided library is "supported" by that municipality. Further, "such a library is designated as the resident's home library."  *Exhibit H*

82.    The PA Code Section referred to in paragraph 80 above, defines "support" as the annual appropriation of an amount of money which is the equivalent of 15% of the yearly income of the library from all municipal sources.

83.    The Township has continued to offer making payments that would be considered surplus financial effort and in excess of 15% of the yearly income of HAL and it should not be unreasonably precluded from doing so.

84.    In that regard, HAL should not be permitted to unilaterally impose excessive funding demands, or taxes, on the Township in the form of unilateral increases to the amount that the Township has already contributed to HAL.

85.    Given that the Township has already and continues offer to contribute a surplus financial effort to HAL in excess of 15% of HAL's yearly income, HAL must accept the Township into its direct service area and permit the Township to

108679475.1

appoint board members pursuant to the law and regulations. *See* 22 PA Code 121.21(2)(B)(b).

86.    The Township has been directly and immediately harmed by HAL's failing to accept the Township into its direct service area in contravention of the Library Code's requirements.

87.    The Township and its residents have a strong public interest in continuing to receive library services, and there is no public interest served by removing the Township from HAL's direct service area when the Township has met and exceeded the funding contribution levels set forth in the Library Code.

WHEREFORE, Petitioner respectfully requests that this Court issue an Order, as follows:

a)  Pursuant to the provisions of the State Library Code, and the regulations promulgated thereunder, payment by Lower Saucon Township to HAL in the annual amount of 15% of HAL's yearly income from all municipal sources, requires HAL to provide library services to Township residents, requires HAL to include the Township in its direct service area, and requires HAL to allow the Township to appoint members of its choosing to the HAL governing body.

b)  Granting any other relief deemed just and reasonable.

108679475.1

## COUNT IV – LOWER SAUCON TOWNSHIP V. ALL RESPONDENTS DECLARATORY JUDGMENT

88.     Petitioner incorporates by reference the preceding paragraphs as though more fully set forth.

89.     In Pennsylvania, a law is void on its face if it is so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." *See Fabio v. Civil Serv. Comm'n of Phila.*, 489 Pa. 309, 414 A.2d 82, 84-85 (1980).

90.     Herein, the Pennsylvania Library Code, 22 Pa. Code §§131-143, is largely acceptable as written, but the Library Code is void for vagueness in four critical, narrow areas.

91.     First, the Library Code provides no mechanism or guidance for a municipality or township without a public library, like Lower Saucon Township, to be admitted to a direct service area of a neighboring library or to obtain library services from any library.

92.     Second, the Pennsylvania Library Code also fails to set any standards regarding the funding to be provided by a township or municipality, like Lower Saucon Township, that wishes to join a neighboring municipality's public library's direct service area or obtain library services from any library.

108679475.1

93.     Third, the Pennsylvania Library Code also provides no mechanism or guidance as to how to resolve and/or appeal a dispute regarding the direct service area of a library, leaving Lower Saucon Township with no other option than to file this Petition.

94.     Fourth, the Library Code, as written, provides unequal services to Pennsylvania residents based on whether or not their local municipality has a library located within the borders of their municipality of residence, resulting in the creation of a wild west scenario where any local library can demand a fee for services, in any amount, and, if not agreed to by the municipality, simply withhold the library services that the law was intended to promote for all commonwealth residents.

95.     For example, under the current Library Code, HAL has offered a program to Freemansburg residents where an entire family can access the library for a total of $20.00 per year, but the same service or rate has been specifically denied for Lower Saucon Township residents without any logical explanation. Essentially, the lack of direction of the Library Code in this area permits coercion, collusion, and price fixing, all to the detriment of every municipality, taxpayer, and resident of the Commonwealth.

96.     Accordingly, the Pennsylvania Library Code, 22 Pa. Code §§131-143, is void for vagueness insofar as it fails to address the above-referenced situations,

and Petitioner is unable to avail itself of any administrative alternatives other than the filing of this Petition.

97.    The Township has been directly and immediately harmed by the vague and unclear provisions of the Library Code, as the Respondents have failed to provide with the Township with basic library service and have deprived Township residents access to Access PA program through which they should have access to library materials throughout the Commonwealth.

98.    The Township and its residents have a strong public interest in continuing to receive library services, and there is no public interest served by removing the Township from HAL's direct service area and depriving residents of the benefits of the Access PA program.

WHEREFORE, Petitioner respectfully requests that this Court issue an Order, as follows:

a) Declaratory Judgment that the Pennsylvania Library Code is void for vagueness due to its failure to provide statutory or administrative guidance as to any requirements concerning substantive or procedural requirements and processes that would allow a municipality to join a

neighboring library's direct service area or resolve a dispute regarding a library's direct service area.

b) Granting any other relief deemed just and reasonable.

Respectfully submitted,

/s/ *Michael McAuliffe Miller*

Michael McAuliffe Miller, Esquire (PA ID 78507)
Kevin M. Skjoldal, Esquire (PA ID 200841)
Matthew J. Allen, Esquire (PA ID 317100)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
717.237.6000 (Phone)
717.237.6019 (Fax)
mmiller@eckertseamans.com
kskjoldal@eckertseamans.com
mallen@eckertseamans.com

Date:  January 4, 2023          *Attorneys for Petitioner, Lower Saucon Township*

25

## VERIFICATION

I, B. Lincoln Treadwell Jr., am an authorized representative of Lower Saucon Township, and I am authorized to make this verification on its behalf. No one person has knowledge of every fact averred in the foregoing PETITION FOR REVIEW IN THE NATURE OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, and the facts averred have been derived from business records of Petitioner and public records, and assembled by authorized representatives, employees, and counsel. I hereby verify and affirm that the statements made in the foregoing PETITION FOR REVIEW IN THE NATURE OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: January 3, 2023

_B. Lincoln Treadwell Jr._

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of January, 2023, a true and correct copy of the foregoing PETITION FOR REVIEW IN THE NATURE OF COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF was served upon the following as indicated below, which service satisfies the Pennsylvania Rules of Civil Procedure:

### <u>VIA HAND DELIVERY, EMAIL AND CERTIFIED MAIL</u>

Pennsylvania Department of Education, Office of Commonwealth Libraries, Acting Secretary Hagarty and State Librarian/Acting Deputy Secretary of Commonwealth Libraries, Susan Banks

c/o Elizabeth A. Maguschak, Chief Counsel
Pennsylvania Department of Education
333 Market Street, 9th Floor
Harrisburg, PA 17126
emaguschak@pa.gov

### <u>VIA CERTIFIED MAIL</u>

Hellertown Area Library Association
409 Constitution Avenue
Hellertown, PA  18055

### <u>VIA EMAIL AND CERTIFIED MAIL</u>

Hellertown Area Library Association
c/o Mark Aurand, Esquire
Greater Good, LLC
905 Harrison St., Suite 104b
Allentown, PA  18103
mark@greatergoodlegal.com

<u>**VIA HAND DELIVERY AND CERTIFIED MAIL**</u>

Josh Shapiro, Attorney General
Office of Attorney General
16th Fl., Strawberry Square
Harrisburg, PA  17120

<u>/s/ *Michael McAuliffe Miller*</u>
Michael McAuliffe Miller, Esquire
Kevin M Skjoldal, Esquire
Matthew Allen, Esquire
*Counsel for Petitioner,*
*Lower Saucon Township*

108679475.1